West Bradford Township *v.* Daniel J. MacMichael, Appellant.

Argued October 9, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Robert L. Beggs,* for appellant.

*William H. Lamb,* for appellee.

OPINION BY JUDGE WILKINSON, November 17, 1975:

On January 7, 1970, appellee filed a complaint in equity seeking to restrain further development of a mobile home park by appellant and the removal of mobile home units already located on appellant's land in the Township of West Bradford, Chester County. On June 5, 1973, the Chester County Court of Common Pleas ruled that under the Building Officials Conference of America Abridged Building Code (3rd Edition 1960) (Code), which had been enacted into ordinance by appellee on June 13, 1937, appellant was required to obtain a building permit prior to placing the homes on his land. From the dismissal of exceptions appellant appeals to this Court.

At the time of this action, appellant had prepared at least 10 plots for mobile home units, each plot being equipped with sewage, water and electric facilities constructed by appellant. There were no concrete pads or slabs provided. Eight units had been located on the land and connected to the previously constructed utility hook-ups. Access to the units was provided by a thousand foot long road that appellant had constructed by clearing, boxing and placing ballast on it. Appellant never applied for any building permit.

The question for this Court is whether appellant's activities required a building permit under the provisions of the Code. Section 104.2 of the Code provides, in part:

> "*Application for Permit*—No building or structure or part thereof shall hereafter be erected, converted, repaired, altered or enlarged until a building permit has been obtained by the owner or his agent. . . ."

It is undisputed that a mobile home is within the Code definition of building.

Appellant contends that the preparation of a plot for a mobile home unit and placing of the unit on the plot does not constitute the erection of a home. We cannot agree.

642

The construction of sewage, water and electrical facilities clearly constitutes the erection of a part of a building, bringing appellant within the mandate of securing a building permit.

However, we need not even look this far, as we would hold the placing of a pre-assembled mobile home unit on appellant's land is itself an erection of a building. Erection is defined, *Black's Law Dictionary* 636 (Revised 4th ed. 1968), as "raising up, building; a completed building; to build; construct; set up." *See also* "erect", *Webster's Third New International Dictionary* (1966). The erection of a building, meaning the setting up of a building, is exactly the act performed in placing the unit on appellant's property.

Affirmed.