535 A.2d 1192

**CHAAPEL HOLLOW HUNTING CLUB, INCORPORATED, Appellant,**

v.

**HEPBURN BAPTIST CHURCH OF HEPBURN TOWNSHIP.**

Superior Court of Pennsylvania.

Submitted Nov. 23, 1987.

Filed Jan. 21, 1988.

James R. Protasio, Williamsport, for appellant.

Malcolm S. Mussina, Williamsport, for appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

BROSKY, Judge:

This is an appeal from the Order entered by the trial court denying appellant's Post Trial Motions in this action to quiet title.

Appellant raises three questions for our consideration: (1) whether the trial court erred in failing to apply a reasonable time standard in determining the existence of a time limitation within which to comply with a condition subsequent; (2) whether the trial court erred in deciding that the drafting of plans for an addition to appellee's building is sufficient to comply with the requirements of the condition subsequent contained in the deeds; and (3) whether the trial court erred in interpreting the Grantor's intent and in determining that the present use and future planned use of the land is consistent with that intent.

Upon consideration of the trial court opinion and briefs by counsel, we hereby affirm the order in question.

On May 27, 1957, Samuel H. Hoff et ux. conveyed a 2.5 acre parcel of land to appellee. The deed of conveyance contained the following language:

This deed is made expressly upon the condition that the premises herein granted are to be used exclusively for a site for the erection and maintenance of a church building for the Hepburn Baptist Church of Hepburn Township, and whenever the same shall cease to be used for such purposes this deed shall become void and the title to the premises shall revert to the grantors herein, their heirs and assigns.

In 1957, when appellee acquired title to the parcel, a church facility had existed for approximately 100 years on an adjoining piece of real estate. Appellee had sold an adjoining lot three years earlier to raise funds to remodel the church basement. Shortly after the acquisition of the 2.5 acres, appellee started a building fund to enlarge and improve the existing church building. No building has been

constructed on the land acquired from Samuel Hoff in the 30 years since the conveyance.

On August 1, 1963 a tract of land containing over 175 acres was conveyed by Samuel and Faye Hoff to Werner J. Illing. This conveyance included the 2.5 acres previously conveyed to appellee. Werner J. Illing and Christable A. Illing, his wife, subsequently conveyed the same 175 acre parcel of land to appellant. The parties have stipulated that the conveyances of the 175 acre parcel from the Hoffs to the Illings to appellant, have also passed the reversionary interest in the 2.5 acre piece of realty to appellant.

Appellee has constructed a parking lot on the subject parcel and has also developed plans for the erection of an addition, which would require the use of the parcel in question to comply with the existing zoning ordinances of the township.

Appellant's first contention questions whether a time limitation should have been imposed in which appellee had to have complied with the condition subsequent in the deed transfer. The second and third issues raised by appellant questions whether appellee's actions were sufficient to comply with the condition subsequent. Because these last two contentions are so closely related, they may be addressed together.

■ It is appellant's position that, because the deed was silent as to time, the court should have imposed "a reasonable time" limit for appellee to comply. However, as noted by the trial court, the deed was *not* silent. It clearly stated that "whenever the same shall cease to be used for such purposes, this deed shall become void." Case law in this area is quite old. Age, however, has never been the yardstick by which we measure the law's reliability. If a law, regardless of its age, has never given the judiciary of this Commonwealth cause to alter it, we see no reason not to continue to rely upon it even now. In fact, viewing old law in terms of wisdom which has withstood the test of time, we see nothing wrong with using it as a basis for our decision today. The general rule with regard to time limitations on conditions subsequent was set forth more than 160 years

ago in *Hamilton v. Elliott,* 5 Serg. & Rowle 375, 382–383, 384 (1819):

> ... where the condition is to be performed to the [grantor] himself, and there is no limitation as to time but only as to person, the [grantee] has his whole lifetime to perform it. The reason is that conditions, not being favoured by the law, are taken strictly; and therefore a literal compliance with their terms is all that is required.
>
> \*  \*  \*  \*  \*  \*
>
> From a view of all the cases, the rule seems to be that where a *prompt performance of the condition is necessary to give the* [grantor] *the whole benefit contemplated to be secured to him;* or where its *immediate fruition formed his motive for entering into the agreement,* the [grantee] shall not have his lifetime for the performance, but only a reasonable time.

Therefore, it is clear that, in the instant case, prompt performance was not necessary. As pointed out by the trial court, the grantor here (Samuel Hoff) intended no benefit for himself. Nor did his motives require that prompt action be taken. Thus, we agree with the trial court that it would be improper to imply a time limitation in the deed which may be inconsistent with the grantor's intent.

■ We must now determine whether appellee's actions constituted sufficient compliance with the condition subsequent contained in the deed, to prevent reverter. The reversionary clause states that the land is to be used as a "site for the erection and maintenance of a church building". Even though the use of the phrase "erection and maintenance" contemplates the actual construction of a building, *West Bradford Township v. MacMichael,* 21 Pa. Commonwealth 640, 347 A.2d 345 (1975), we still find sufficient compliance with the condition subsequent.

As stated earlier, appellee required the parcel in question in order to comply with a Hepburn Township Zoning Ordinance since the proposed addition would be within several feet of the 2.5 acre parcel of land. Additionally, it was stipulated by the parties that, at the time of the 1957 deed, a church facility had existed for at least 100 years on the

adjacent property; that, because there were no other parking areas convenient to the church, the members thereof believe that the existence of suitable parking facilities is necessary for the continued existence of the church and its congregation; and that Samuel Hoff recognized the need for parking because the school house property next door had been sold by the church a few years earlier. Accordingly, it would appear that, in order for appellee to maintain the church, it is vital that some type of parking area be provided. Appellee did this by constructing a parking lot on the land in question. Also, in order to add on to the church without violating a township zoning ordinance, it is essential that appellee have the property deeded by Samuel Hoff. As pointed out previously, it was the intent of Samuel Hoff that a church be erected and maintained, and since the church was already built, its maintenance is now the primary concern. Thus, we agree with, and find support for the trial court's holding that appellee's actions were consistent with Samuel Hoff's intent, and were sufficient to constitute "erection and maintenance of a church building" so as to prevent the reversionary interest from passing to appellant.

Order affirmed.